PER CURIAM.
Appellee-plaintiff Scrima, d/b/a Reliable Trash Hauling [hereinafter Scrima] was desirous of obtaining workmen’s compensation coverage and upon application the risk was assigned to appellee State Automobile Insurance Association [hereinafter State]. In notifying State of the assignment, the Florida Compensation Rating Bureau stated :
“The plan provides that within three working days after receipt of this assignment your office shall notify the employer (with a copy to this office) of the terms and conditions under which the policy will be issued together with a request for the necessary advance premium. Upon receipt of the required premium, your company shall issue a binder or policy to become effective as of 12:01 A.M., on the first day following receipt of such premium.” [Emphasis supplied.]
Pursuant to these instructions, State sent a letter directly to the applicant Scrima, with a copy to the appellant Furlong Insurance Agency, notifying Scrima of the assignment and setting out the total estimated annual premium of $431.35. In addition, the letter also set out the terms and condi *540 tions for the issuance of the policy. It stated:
“Upon receipt of your Certified or Cashier’s check in full payment of this premium, a standard Workmen’s Compensation policy as called for under the Florida Compensation Act will be issued and forwarded to you.” [Emphasis supplied. 1
On August 6th, Scrima gave his personal check for the full premium to the appellants Furlong, as producer of record. Furlong issued an agency check and sent it to State after deducting a 5% commission.[1] State returned the check on August 12th stating that it was not a certified or cashier’s check as was required. On August 16th Furlong sent State a cashier’s check for the premium amount less commission. On August 21st State once again returned the check since it was not for the full amount of the premium as originally requested. Furlong thereupon sent a cashier’s check for the full amount of the premium and the policy was back-dated to be in effect August 21st. An employee of Scrima was injured on the job on August 16th, after the date that Scrima gave his check to Furlong but before the effective date of coverage by State, due to the problems aforementioned. Scrima’s employee recovered a judgment against him and Scrima brought this action against Furlong and State for reformation of the insurance contract so as to reflect coverage as of August 6th and for damages for negligence in failing to obtain or issue required coverage and breach of contract. Furlong cross-claimed against State alleging their failure to afford timely coverage and State’s liability for the judgment if, in fact, Furlong was found to be liable. State’s motion to dismiss the cross-claim of Furlong was granted and a directed verdict in favor of State was entered in the main action by Scrima. After a non-jury trial Scrima received a final judgment of $2,031.00 against appellants Furlong and the Furlong Agency. This appeal ensued.
We have carefully considered the record, briefs and arguments of counsel, in light of the controlling principles of law, and have concluded that no reversible error has been made to appear. The evidence presented was insufficient to sustain the parties’ contentions of the existence of an agency relationship (express, implied or otherwise), between the Furlong agency and State, so as to bind State to coverage as of August 6th, the date the initial check was given to Furlong by Scrima. Moreover, it is apparent that the appellants failed to comply with the’ explicit requirements set out by State as to amount and manner of payment of the premium so as to afford Scrima timely coverage.
Therefore, no reversible error having been made to appear, the orders and final judgment appealed from are hereby affirmed.
Affirmed.

. The 5% commission is permissible under the Workmen s Compensation Assigned Risk Plan of Florida.